**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

February 1, 2021

Philip S. Rosen, Esq.
Zeichner Ellman & Krause, LLP
33 Wood Ave. South, Suite 110
Iselin, NJ 08330
*Counsel for Defendants*

Enu A. Mainigi, Esq.
Kenneth C. Smurzynski, Esq.
Craig D. Singer, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
*Counsel for Defendants*

Shannon Garrahan, Esq.
Law Offices of Shannon Garrahan, P.C.
2 Forest Avenue, 2nd Floor
Oradell, NJ 07649
*Counsel for Plaintiffs*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

Re:   **Republic Group, LLC, et al. v. Bank of America, N.A., et al.**
       **Civil Action No. 20-12081 (SDW) (LDW)**

Counsel:

Before this Court are Defendants Bank of America, N.A. and Merrill Lynch's (collectively, "Defendants" or "BOA") Motion to Dismiss Plaintiffs Republic Group, LLC ("Republic"), MBE Capital Partners, LLC ("MBE"), Rafael Martinez, Chelsea Martinez, and Reaching New Heights, Corporation's ("RNH") (collectively, "Plaintiffs") Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, grants Defendants' motion.

**DISCUSSION**

    A.  Standard of Review

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    B.  Plaintiffs' Complaint Fails to State a Claim Upon Which Relief Can be Granted

Plaintiff Rafael Martinez ("Mr. Martinez"), a New Jersey resident of Dominican descent, is the founder of both Republic and MBE, companies designed to provide "cash flow and investment opportunities to small and diverse businesses and individuals." (D.E. 1 ¶¶ 9-11, 16-17.) His daughter, Chelsea Martinez ("Ms. Martinez"), is an officer "and authorized signatory on the bank accounts maintained by" Republic, MBE, and RNH. (*Id.* ¶ 12.) In the spring of 2020, MBE and Republic gained approval from "the United States Small Business Association ("SBA") to issue Paycheck Protection Program Loans ("PPP Loans") to" minority owned small businesses and deposited approximately $100,000,000.00 in Republic's BOA business account. (*Id.* ¶¶ 19-26.) However, beginning on or about May 20, 2020, BOA "refused to honor checks or electronic payments presented against" Republic's account and informed Plaintiffs that it was "unable to support [Plaintiffs'] efforts to participate in the PPP program . . .." (*Id.* ¶¶ 25-36.) Plaintiffs allege that BOA "never provided a legitimate, lawful or non-discriminatory reason for its refusal to honor checks and electronic payments issued by Republic in connection with the PPP Loan Program" and, therefore, the basis for its decision was "based solely upon Republic and MBE being a minority and woman owned business whose customers are predominately minority and women owned businesses." (*Id.* ¶ 39.) Plaintiffs allege that BOA subsequently retaliated against Plaintiffs by closing both Mr. and Ms. Martinez's personal accounts and the business accounts for Republic, MBE and RNH.[1] (*Id.* ¶¶ 38-45.)

On August 31, 2020, Plaintiffs filed suit in this Court, raising claims for discrimination and retaliation pursuant to 42 U.S.C. § 1981 and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* ("NJLAD"), as well as claims pursuant to the New Jersey Civil Rights Act

---

[1] RNH is a non-profit corporation with no involvement in the PPP Loan program. (D.E. 1 ¶¶ 13, 44.)

2

("NJCRA")[2] and for breach of contract.  (*See generally* D.E. 1.)  Defendants subsequently moved to dismiss, and all briefs were timely filed.  (D.E. 15, 16, 22, 23.)

A.

A plaintiff seeking to bring a claim under Section 1981 must demonstrate: "(1) that plaintiff is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute, which includes the right to make and enforce contracts." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001) (citation omitted).  Here, although Mr. and Ms. Martinez plead that they are members of a racial minority, they fail to plead facts that show that Defendants intended to discriminate against them because of their race.  Plaintiffs do not plead that they were treated differently than any other individuals or businesses who are not members of a protected class.  Rather, they conclude, without support, that BOA's decision to decline Plaintiffs' PPP Loan transactions was motivated solely by discriminatory intent.  This is insufficient. *See, e.g.*, *Special Police Org. v. City of Newark*, Civ. No. 19-8444, 2019 WL 4410066, at *3 (D.N.J. Sept. 16, 2019) (dismissing Section 1981 claim where plaintiffs failed to "set forth any facts to suggest that [they] were discriminated against based on their races or ethnicities"); *Williams v. Wells Fargo Bank, N.A.*, Civ. No. 16-1003, 2016 WL 4370033, at *4 (D.N.J. Aug. 10, 2016) (dismissing Section 1981 claim where plaintiff failed to "establish that [d]efendant treated him 'differently than others outside of the protected class who were similarly situated'") (citation omitted). Without more, Plaintiffs' Section 1981 claims must be dismissed.

B.

Although 28 U.S.C. § 1367 permits federal courts to exercise jurisdiction over state law claims, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Stehney v. Perry*, 907 F. Supp. 806, 825 (D.N.J. 1995) ("[A] federal district court may decline to exercise its supplemental jurisdiction over state law claims if all federal claims are dismissed."); *Washington v. Specialty Risk Servs.*, Civ. No. 12-1393, 2012 WL 3528051, at *2 (D.N.J. Aug. 15, 2012) (noting that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims") (alterations in original) (citing *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)) (internal citations omitted).  Therefore, this Court declines to exercise supplemental jurisdiction over Plaintiffs' NJLAD and breach of contract claims.[3]

---

[2] Plaintiffs have consented to the dismissal of their NJCRA claim (Count Four) because Defendants did not act under color of law.  (D.E. 22 at 34.)  Therefore, Count Four will be dismissed with prejudice.

[3] If this Court were to address the substance of Plaintiffs' NJLAD claim, it would likely be dismissed pursuant to Rule 12(b)(6) as well, because plaintiffs bringing such claims must satisfy pleading requirements similar to those for Section 1981 claims.  *See, e.g.*, *Florentino v. City of Newark*, Civ. No. 19-20155, 2020 WL 5105291, at *14 (D.N.J. Aug. 31, 2020) (identifying the pleading requirements of a successful NJLAD claim).

**CONCLUSION**

      Defendants' Motion to Dismiss is **GRANTED**.  Plaintiffs shall have thirty (30) days within which to file an Amended Complaint.  An appropriate order follows.

                                                   /s/ Susan D. Wigenton
                                        **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Parties
        Leda D. Wettre, U.S.M.J.