UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------X
REPUBLIC GROUP, LLC, MBE CAPITAL )
PARTNERS, LLC, RAFAEL MARTINEZ, )
CHELSEA MARTINEZ AND )
REACHING NEW HEIGHTS, CORP. ) Civil Action No: 20-12081
                Plaintiffs, )
)
)
                v. )
)
BANK OF AMERICA, NA AND MERRILL, )
LYNCH, A BANK OF AMERICA COMPANY, )
JOHN DOES 1-10 AND ABC CORP. )
1-10 (BEING FICTITIOUS NAMES )
)
                Defendants. )
………………………..…………………………. )

## AMENDED COMPLAINT AND JURY DEMAND

Plaintiffs, Republic Group, LLC, ("Republic"), MBE Capital Partners, LLC ("MBE") Rafael Martinez, Chelsea Martinez and Reaching New Heights Corp., together ("Plaintiffs"), by and through its undersigned counsel, Law Offices of Shannon Garrahan, P.C., hereby alleges, as and for its Complaint against Defendants, Bank of America, NA, ("Bank of America") and Merrill Lynch, A Bank of America Company, ("Merrill") together, ("Defendants") as follows:

### PRELIMINARY STATEMENT

1.      This matter involves systemic discrimination and racism which continues to permeate America's financial services industry. Many of the white Americans who dominate the worlds of banking and investment today still, consciously and unconsciously, act to prevent Minority Americans and minority females from achieving success on the same basis, terms, and level as their white male associates.

2. The additional burden borne by minority-owned firms such as Republic Group, LLC, MBE Capital Partners, LLC and Reaching New Heights Corp. becomes impossible to overcome when officials at banking institutions continue to perpetrate such discrimination themselves by excluding Black, Brown, Woman and Minority owned firms and professionals.

3. The actions taken by Bank of America and Merrill, as set forth in this pleading, are disturbing not only for how they have harmed and continue to harm the plaintiffs, but because of the serious betrayal of public trust they reveal, particularly with regard to minority consumers and businesses.

4. The discrimination and unlawful acts against the Plaintiffs represent a small example of how some of the most powerful banking institutions in the country have used institutional power to exploit and attempt to destroy a minority owned business seeking to compete on a level playing field.

## NATURE OF THE CLAIMS

5. This action seeks declaratory, injunctive and equitable relief, as well as monetary damages, to redress defendants' violations of 42 U.S.C. § 1981 ("Section 1981"), New Jersey Civil Rights Act, breach of contract and breach of the implied covenant of good faith and fair dealing.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of the plaintiff's rights under Section 1981.

7. This Court has supplemental subject matter jurisdiction over the

plaintiff's related state and local law claims pursuant to 28 U.S.C. § 1367(a).

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to this action, including the unlawful practices and actions alleged herein, occurred in this district.

## PARTIES

9.  Plaintiff, Republic Group, LLC is a Limited Liability Corporation organized under the laws of the State of New York, headquartered in Fort Lee, New Jersey, with its principal place of business located at 1 Bridge Place North, Fort Lee, New Jersey.

10. Plaintiff, MBE Capital Partners, LLC, a Division of Republic Group, LLC, is a Limited Liability Corporation organized under the laws of the State of New York, headquartered in Fort Lee, New Jersey, with its principal place of business located at 1 Bridge Place North, Fort Lee, New Jersey.

11. Plaintiff, Rafael Martinez, is an individual of Dominican descent who is black and the Managing Member of Republic Group, LLC and MBE Capital Partners, LLC.  Rafael Martinez resides at 300 Hopper Court, Franklin Lakes, New Jersey.

12. Plaintiff, Chelsea Martinez, is the daughter of Rafael Martinez and an Officer and authorized signatory on the bank accounts maintained by Republic, MBE and Reaching New Heights.   Chelsea Martinez is a black female of Dominican descent.

13. Plaintiff, Reaching New Heights, Inc., is a non-profit corporation organized under the laws of the State of New Jersey with a principal place of business at 1 Bridge Plaza North, Fort Lee, New Jersey.

14. Defendant, Bank of America, NA, is a National Banking Institution with an address of 154 Main Street, Fort Lee, New Jersey 07024.

15. Defendant, Merrill Lynch and Co. Inc., is a National Banking Institution and investment firm with an address of 4 World Financial Center, 250 Vesey Street, New York, New York 10080.

16. Republic, MBE and Reaching New Heights are minority owned businesses whose purpose is to provide financing to minority and female owned businesses.

## FACTUAL ALLEGATION

17. Republic and MBE were formed by Rafael Martinez with the primary purpose of providing cash flow and investment opportunities to small, diverse, minority and female owned businesses and individuals.

18. Republic, MBE and Rafael Martinez, who is a black man of Dominican descent, also recognized that there are shockingly few minority-owned financial managers in the services industry, and in New Jersey in particular. Even those that did exist faced numerous roadblocks due to institutional racism that continues to permeate the financial field, tilting the playing field substantially against them as compared to white-owned competitor funds.

19. Rafael Martinez believed that by creating cash flow vehicles for small, minority owned and female owned businesses, he could set himself, Republic and MBE apart and create a roadmap for future minority and women owned small and diverse businesses to gain a foothold in their profession which has traditionally been dominated by white men.

4

20. In the midst of a National Pandemic, MBE Capital Partners, LLC, was granted approval by the United States Small Business Association ("SBA") to issue Paycheck Protection Program Loans ("PPP Loans") to a traditionally underrepresented class of small business; Small, Diverse and Minority Owned and Female Owned Businesses.

21. Through its own efforts Republic and MBE obtained the funds necessary to manage and distribute $ 100,000,000.00 (One Hundred Million Dollars) PPP Loans to Small and Diverse Minority owned and Female Owned businesses.

22. Republic and MBE spent an enormous amount of time developing a program which would ensure that Minority owned business would quickly receive PPP Loans during a time of turmoil and national emergency.

23. At a time of public outrage over systemic racism and discrimination, Republic and MBE sought to assist minorities who have historically been denied fair and reasonable access to loans by National Banking Institutions.

24. Republic, MBE and Rafael Martinez have a long standing banking relationship with Bank of America, where they maintain business and operating accounts as well as personally and investment accounts.

25. MBE, a Division of Republic Group, was granted authority to issue PPP Loans by the SBA in or about May 2020 as a 'non-lender' participant in the Paycheck Protection Program.

26. Republic's account with Bank of America was credited 100,000,000.00 on or about May 13, 2020 in furtherance of the program developed to provide PPP Loans to a small, diverse, minority and women owned businesses who found

themselves excluded when pursuing programs through traditional Banking Institutions.

27. MBE began disbursing loan proceeds to approved borrowers pursuant to the Rules and Regulations established by the PPP Loan Program.

28. On or about May 20, 2020, a customer, who was a minority, tendered a duly authorized negotiable instrument to Bank of America for payment which was issued from the Republic account.

29. Prior to this time, Republic had always carried out banking functions for MBE through Bank of America.

30. Bank of America refused to honor the check and instead humiliated and degraded the customer and client of Republic and MBE, claiming the check was fraudulent.

31. Bank of America would not have refused to cash the check for a non black customer. Bank of America would have permitted a white customer to cash the check.

32. Bank of America contacted Rafael Martinez and notified him that the Republic account was under investigation and being frozen pending investigation.

33. A telephone conversation ensued between members of Republic, MBE, Rafael Martinez and CFO, Carra Wallace and various representatives of Bank of America.

34. It was explained to Bank of America that MBE was an approved non-financial institution PPP lender in compliance with the Rules and Regulations set forth by the SBA.

35. Bank of America was notified that the purpose of the program was to

assist minority, women owned and small and diverse businesses in a time of crisis.

36. MBE and Republic are minority owned businesses.

37. Under the guise of performing "due diligence" into Republic and MBE and providing a reason that 'Bank of America is unable to support Republic Group Parts, LLC efforts to participate in the PPP program as an intermediary in the distribution of PPP Loans', Bank of America refused to honor checks or electronic payments presented against the account of Republic Group despite sufficient funds being available.

38. Bank of America has participated in the PPP program and has allowed other customers to participate in the PPP Program. Bank of America refused to 'support Republic's efforts to participate in PPP program' because Republic and MBE are black owned businesses. Bank of America has supported the efforts of other white customers to participate in the PPP Program.

39. Bank of America demanded all funds be transferred from their institution and refused to honor checks or electronic items presented for payment which Republic Group had issued for the purpose of providing desperately needed funding to small, diverse, woman and minority businesses.

40. In response to the request that Republic transfer all funds earmarked for PPP Loans in the Republic account, Rafael Martinez forwarded written notice to Bank of America indicating he understood Bank of America's perceived issues but wished to maintain his personal, business and family accounts with Bank of America.

41. Republic transferred the funds earmarked for minority owned, women owned and small and diverse PPP Loans and continued to disburse PPP Loans through another banking institution.

42.     Bank of America never provided a legitimate, lawful or non-discriminatory reason for its refusal to honor checks and electronic payments issued by Republic in connection with the PPP Loan Program.    The discriminatory decision was based solely upon Republic and MBE being a minority owned business whose customers are predominantly minority owned businesses and fueled by a minority consumer presenting a check to Bank of America for payment.

43.     As a direct and proximate result of the discriminatory actions by Bank of America, plaintiffs suffered damage to their reputation in the industry, was caused to expend extensive time and effort in funding loans, suffered damage to its reputation with the SBA and Capital Financial Partners as well as shed a negative light on the small and diverse PPP Program formulated by Republic and MBE and resulted in hundreds of hours of work and investment by the plaintiffs.

44.     On August 3, 2020, in further gratuitous retaliation, after refusing to do business with Republic and MBE, Merrill forwarded notice to Chelsea Martinez that her account was being closed.   No reason was provided for the threatened closure.

45.     The sole reason for the closure was Chelsea Martinez's status as a minority female.    The defendants would not have closed the account if Chelsea Martinez was a white similarly situated customer.

46.     On August 10, 2020, in further gratuitous retaliation, after demanding Republic transfer all funds earmarked for minority owned, woman owned and small and diverse businesses to obtain PPP Loans, Bank of America forwarded notice to Chelsea Martinez that her personal bank account was being closed.    No reason was provided for the threatened closure.

47. The sole reason for the closure was that Chelsea Martinez is a black woman. The defendant, Bank of America, would not have closed the account of a white similarly situated individual.

48. On August 10, 2020, in further gratuitous retaliation, after demanding Republic transfer all funds earmarked for minority owned, woman owned and small and diverse businesses to obtain PPP Loans, Bank of America forwarded notice to Rafael Martinez that his account was being closed. No reason was provided for the threatened closure.

49. The sole reason for the closure was that Rafael Martinez is a black man. The defendant, Bank of America, would not have closed the account of a white similarly situated individual.

50. On August 10, 2020, in further gratuitous retaliation, after demanding Republic transfer all funds earmarked for minority owned, women owned and small and diverse businesses to obtain PPP Loans, Bank of America forwarded notice to Reaching New Heights, A New Jersey Non Profit Corporation, in which Chelsea Martinez and Rafael Martinez are Officers, that its account was being closed. No reason was provided for the threatened closure.

51. The sole reason for the closure was that Reaching New Heights is a minority owned business. The defendant, Bank of America, would not have closed the account of a similarly situated white owned business.

52. On August 10, 2020, in further gratuitous retaliation, after demanding Republic transfer all funds earmarked for minority owned, woman owned and small and diverse businesses to obtain PPP Loans, Bank of America forwarded notice to Republic

that its account was being closed.   No reason was provided for the threatened closure.

53.     The sole reason for the closure was that Republic is a minority owned business providing services to minority owned businesses.   The defendant, Bank of America, would not have closed the account of a similarly situated white owned business.

54.     The refusal by Bank of America to provide any reason or support for the initial refusal to honor payments issued by Republic and MBE as well as the subsequent retaliatory actions taken by Bank and America and Merrill against Rafael Martinez, Chelsea Martinez, Republic, MBE and Reaching New Heights demonstrates the venom of these officials and confirms their discriminatory and retaliatory animus towards minority and woman owned businesses whose management had the nerve to seek to defend its civil and contractual rights.

55.     The exploitation of and retaliation against Republic and the Martinez family reveals that racial discrimination and malfeasance occurs even at the pinnacle of success and industries such as financial services.  The participation by two of the largest financial services companies in the world also shows that such conduct can be found in surprising places, including institutions which the public trusts will pursue its best interests.

56.     The harm inflicted on the plaintiffs is enormous, and at a minimum, runs into the tens of millions of dollars.  There simply is no way to undo the damage to the business and personal reputation of the plaintiffs as well as the future prospects of MBE and Republic as a result of the discriminatory and malicious conduct suffered at the hands of Bank of America.

57.     The failure of Bank of America and Merrill to address the troubling

history and documented allegations levied by the plaintiffs demeans the financial industry, undermines the public trust and has left the plaintiffs with no other option than to pursue justice in a court of law.

58. By virtue of these blatantly unlawful actions, Republic, MBE and Rafael Martinez sustained serious harm in its relationships with prospective clients, the SBA, investors and Capital Partners as well as sustaining damage to their good reputation in the community.

59. Bank of America and Merrill's practices and policies have had a disproportionately negative impact on minority business owners, and especially on African–American and Woman owned firms.

60. The resistance to comply with the law underscores the ingrained nature of the discriminatory intent and resistance to and suspicion of minority and woman owned firms in the banking industry.

61. As a result of the blatantly retaliatory conduct of Bank of America and Merrill, the plaintiffs have suffered tens of millions of dollars in lost business and lost profits, and the harm to the Company's prospects and reputation is irreparable.

**FIRST CAUSE OF ACTION**
**(Discrimination in Violation of Section 1981)**

62. The plaintiffs hereby repeat, reiterate and re-allege each and every allegation set forth in this pleading as if same were set forth at length herein and incorporates same by reference.

63. By the actions detailed above, among others, the defendants have discriminated against the plaintiffs in violation of Section 1981 by, *inter alia*, denying it

11

equal terms and conditions of contract, impeding its ability to make business decisions, and interfering with business relationships because Republic and MBE are black owned companies.

64. As a direct and proximate result of the defendants' unlawful and discriminatory conduct in violation of Section 1981, the plaintiffs have suffered, and continue to suffer, monetary and/or economic harm, for which it is entitled to an award of damages.

65. The defendants' unlawful and discriminatory actions constitute malicious, willful and wanton violations of Section 1981, for which the plaintiffs are entitled to an award of punitive damages.

66. But for the defendants' unlawful and discriminatory action, the plaintiff would not have suffered damages.

67. The defendant, Bank of America, has participated as an intermediary in the PPP program with white owned businesses and the only reason for refusing to participate as an intermediary with MBE and Republic is because they are black owned businesses.

## SECOND CAUSE OF ACTION
**(Retaliation in Violation of Section 1981)**

68. The plaintiffs hereby repeat, reiterate and re-allege each and every allegation set forth in this pleading as if same were set forth fully herein and incorporates same by reference.

69. By the actions detailed above, among others, the defendants have retaliated against plaintiffs based on its protected activities in violation of Section 1981, including, most recently, by denying it the equal terms and conditions of contract,

impeding its ability to make business decisions, interfering with Republic, MBE and Rafael Martinez's business relationships as well as causing harm to their good reputation in the community as well as the retaliatory conduct of closing the accounts after complaints were made.

70. As a direct and proximate result of the defendants' unlawful and retaliatory conduct in violation of Section 1981, the plaintiffs have suffered, and continue to suffer, monetary and/or economic harm, for which they are entitled to an award of damages.

71. The defendants unlawful and retaliatory actions constitute malicious, willful and wanton violations of Section 1981, for which the plaintiffs are entitled to an award of punitive damages.

72. But for the defendants' unlawful and discriminatory action, the plaintiff would not have suffered damages.

73. The defendants, Bank of America and Merrill would not have closed the accounts of similarly situated white individuals and white owned businesses. The closure of the accounts as set forth herein was solely motivated by the fact that Rafael Martinez and Chelsea Martinez are black individuals and the closure of the accounts of MBE, Republic and Reaching New Heights was solely due to the disclosure that they are minority owned businesses attempting to assist minority customers.

## THIRD CAUSE OF ACTION
**(New Jersey Law Against Discrimination)**

74. The plaintiffs hereby repeat, reiterate and re-allege each and every allegation set forth in this pleading as if same were set forth fully herein and incorporates same by reference.

75. The New Jersey Constitution guarantees all of its citizens the right to be free from unlawful discrimination and to engage in business relationships free of unlawful discrimination.

76. The defendants discriminated against the plaintiffs on the basis of their race in violation of the New Jersey Constitution by, *inter alia*, taking unlawful actions in an attempt to ensure that a minority- and woman-owned company would not be given the opportunity to enter a program to provide desperately needed loans to minority owned businesses.

77. The defendants further discriminated against plaintiffs by subjecting them to discriminatory terms and conditions of its contractual relationship, impeding its ability to make investments and interfering with their business relationships.

78. As a direct and proximate result of the defendants unlawful and discriminatory conduct in violation of the New Jersey Civil Rights Act, the plaintiffs have suffered, and continue to suffer, monetary and/or economic harm, for which they are entitled to an award of damages.

79. The defendants unlawful and discriminatory actions constitute malicious, willful and wanton violations of Section 1981, for which Plaintiff is entitled to an award of punitive damages.

80. But for the defendants' unlawful and discriminatory action, the plaintiff would not have suffered damages.

81. The defendant, Bank of America, has participated as an intermediary in the PPP program with white owned businesses and the only reason for refusing to participate as an intermediary with MBE and Republic is because they are black owned

businesses.

82. The defendants, Bank of America and Merrill, would not have closed the accounts of similarly situated white individuals and white owned businesses. The closure of the accounts as set forth herein was solely motivated by the fact that Rafael Martinez and Chelsea Martinez are black individuals and the closure of the accounts of MBE, Republic and Reaching New Heights was solely due to the disclosure that they are minority owned businesses attempting to assist minority customers.

### FOURTH CAUSE OF ACTION
**(Breach of Contract)**

83. The plaintiffs hereby repeat, reiterate and re-allege each and every allegation set forth in this pleading as though fully set forth at length herein and incorporates same by reference.

84. The defendants entered into banking and investment agreements with the plaintiffs.

85. The Agreements were supported by adequate consideration.

86. Every agreement contains an obligation for the parties to act in good faith and deal fairly with each other.

87. Defendant, Bank of America, materially breached the Agreement by refusing to pay funds upon demand and instead demanding Republic and MBE withdraw all funds designated for PPP loans which were specifically designated for small, diverse, minority and woman owned businesses.

88. Defendants, Bank of America and Merrill, have materially breached the Agreements executed between the parties by failing to act in good faith and instead

taking retaliatory and discriminatory actions against the defendants by threatening to close their accounts despite the fact they are good standing.

   89.  In view of defendants breaches of the Agreements, the plaintiffs are entitled to injunctive relief and/or confession of judgment and an award of its reasonable attorneys' fees and costs for enforcement of such agreements.

   90.  The plaintiffs have suffered monetary and other damages, in an as-yet undetermined amount, as the direct and proximate result of the defendants material breaches of the parties Agreements.

   91.  As a direct and proximate result of the defendants breaches of contract and breach of the duty of good faith and fair dealing, the plaintiffs have suffered, and continue to suffer, economic harm for which they are entitled to an award of damages to the greatest extent permitted under law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiffs pray that the Court enter judgment in their favor and against the defendants, containing the following relief:

   A.  A declaratory judgment that the actions, conduct and practices of the defendants complained of herein violate the laws of the United States and the State of New Jersey;

   B.  Injunctive relief to the extent necessary to reverse the defendants' unlawful actions and the harm associated with them, including, but not limited to, reinstating all of the defendant's accounts in good standing;

   C.  An award of damages against the defendants in an amount to be determined at trial, to compensate the plaintiffs for all monetary and/or economic

damages;

  D.  An award of damages against the defendants in an amount to be determined at trial, plus prejudgment interest, to compensate the plaintiff for all non-monetary and/or compensatory damages;

  E.  An award of punitive and/or liquidated damages;

  F.  Prejudgment interest on all amounts due;

  G.  An award of costs that the plaintiffs incur in this action, as well as an award of reasonable attorneys' fees to the fullest extent permitted by law; and

  H.  Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: March 1, 2021

        Respectfully submitted,

        **LAW OFFICES OF SHANNON GARRAHAN, P.C.**

        By: *Shannon Garrahan*
        Shannon Garrahan, Esq.
        2 Forest Avenue-2nd Floor
        Oradell, New Jersey 07649
        Telephone: (201) 909-0700
        Facsimile:  (201) 909-5110
        Shannonaal@msn.com
        *Counsel for Plaintiffs*